**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IRONWORKERS LOCAL UNION NO.
808; IRONWORKERS LOCAL UNION
808 PENSION FUND; IRONWORKERS
LOCAL UNION NO. 808 ANNUITY
FUND; IRONWORKERS LOCAL
UNION NO. 808 APPRENTICESHIP
FUND; WADE A. IVEY; GREGORY
HOLMES; BEN SCHMITT; WES
KENDRICK; STANLEY DVORAK, JR.;
and SOUTHEASTERN IRON
WORKERS WELFARE FUND,

        Plaintiffs,

v.                                Case No. 6:09-cv-552-Orl-37KRS

UNITED CUSTOM FABRICATING,
INC.,

        Defendant.
_____

**ORDER**

    This cause is before the Court on the following:

1.    Plaintiffs' Amended Motion for Proceedings Supplementary to Implead UC
Fab of Florida, LLC (Doc. 43), filed September 6, 2013;

2.    Magistrate Judge Karla R. Spaulding's Order Denying Plaintiffs' Amended
Motion for Proceedings Supplementary to Implead UC Fab of Florida, LLC
[Doc. 43] (Doc. 53), filed April 14, 2014; and

3.    Plaintiffs' Objections to Magistrate Judge's Order of April 14, 2014
[Doc. 53] Denying Motion for Proceedings Supplementary to Implead UC
Fab of Florida, LLC and Incorporated Memorandum of Law (Doc. 54), filed
April 28, 2014.

## BACKGROUND

Plaintiffs initiated this ERISA action on March 26, 2009, against United States Custom Fabricating, Inc. ("United") to recover unpaid employee benefit contributions and related dues and assessments. (Doc. 1.) The parties settled their dispute. (Docs. 28, 30.) The Court then closed this case after entering judgment against United and in favor of Plaintiffs for $128,940.25, with interest accruing from April 19, 2010, "at the legal rate as provided by law." (Doc. 32.) Approximately two months after the Court closed this action, United filed a Suggestion of Bankruptcy. (Doc. 33; *see also In re United Custom Fabricating, Inc.*, No. 6:10-bk-10390-ABB (M.D. Fla.).) Plaintiffs filed a proof of claim in the Chapter 7 bankruptcy proceeding for the amount of the judgment in this case, and the Bankruptcy Trustee issued Plaintiffs a payment of $2,027.00 in December 2011. (*See* Doc. 41, p. 2 n.1; Doc. 53, p. 3; Doc. 54, ¶ 2.) Thereafter, United was liquidated in the bankruptcy proceeding. (Doc. 43, ¶ 1; Doc. 43-1.)

On October 2, 2012, Plaintiffs filed a motion in this action for proceedings supplementary to implead UC Fab of Florida, LLC ("UC Fab") "as successor of United" pursuant to Federal Rule of Civil Procedure 69 and § 56.29, Florida Statutes. (Doc. 34, ¶ 3.) Plaintiffs contend that UC Fab was formed on February 18, 2009— approximately one month before Plaintiffs initiated this action against United and more than a year before United filed for bankruptcy. (Doc. 49, p. 3.) Plaintiffs further contend that UC Fab was initially established on the same premises as United and that it hired some of the same personnel and officers. (*Id.*)

UC Fab opposed Plaintiffs' motion on the grounds that: (1) Plaintiffs "failed to comply with the requirements" of § 56.29, Florida Statutes, by filing an affidavit "identifying the unsatisfied amount of the judgment, and stat[ing] that an execution is

valid and outstanding;" and (2) Plaintiffs claim is barred due to Plaintiffs' failure to "cause the Trustee to pursue this claim in the bankruptcy for the benefit of all creditors." (Doc. 36, p. 2–3.) Both motions were referred to U.S. Magistrate Judge Karla R. Spaulding who denied Plaintiffs' motion due to their failure to comply with the affidavit requirements of section 56.29(1). (Doc. 41.)

On September 6, 2013, Plaintiffs filed an amended motion for proceedings supplementary to implead UC Fab as the successor of United. (Doc. 43.) The amended motion was referred to Magistrate Judge Spaulding who noted that Plaintiffs still had not submitted an affidavit in conformance with the requirements of § 56.29(1).[1] (Doc. 44, p. 2.) In an Order dated November 6, 2013, the Magistrate Judge granted Plaintiffs leave to file the required affidavit on or before November 15, 2013. (*Id.*) Plaintiffs were further directed to "address whether the judgment is still valid, or has been discharged, in light of the payment on the judgment" in the bankruptcy proceeding. (*Id.*) Plaintiffs filed a response to the Magistrate Judge's Order (Doc. 49) and the declaration of Scott Ernsberger (Doc. 49-1).

On April 14, 2014, Magistrate Judge Spaulding entered an Order denying Plaintiffs' amended motion for two reasons: (1) Plaintiffs failed to address the "impact" of United's "bankruptcy proceeding on the continued viability of the judgment"; and (2) Plaintiffs did not address "whether the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit recognize successor liability for unpaid contributions under ERISA when the ERISA employer files a Chapter 7 bankruptcy petition and is subsequently liquidated." (Doc. 53.) Plaintiffs filed objections to the Order

---

[1] In their amended motion, Plaintiffs averred that they "attempted to serve a writ of execution upon [United], but it was returned unserved for the reason that [United] can no longer be located at the listed address." (Doc. 43, ¶ 2; Doc. 43-3.)

on April 28, 2014. (Doc. 54.) Specifically, Plaintiffs argue that *Chicago Truck Drivers v. Tasemkin, Inc.*, 59 F.3d 48 (7th Cir. 1995) and *Anderson v. J.A. Interior Applications, Inc.*, 1998 U.S. Dist. LEXIS 15971 (N.D. Ill. 1998) adequately support their successor liability claim against UC Fab in the absence of "[E]leventh [C]ircuit authority on the precise issue of whether a trust fund may proceed against a successor where the predecessor has been liquidated through bankruptcy." (Doc. 54, pp. 4–5.) Plaintiffs further argue that the "factual context" of *Tasemkin* and *Anderson* "is sufficiently analogous to this case to make these cases persuasive authority." [2] (*Id.*) The matter is now ripe for adjudication.

## STANDARDS

Because Magistrate Judge Spaulding's Order completely disposes of Plaintiff's impleader claim against UC Fab, the Court will review the Order and objections in accordance with Title 28, United States Code § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. *See Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496–97 (11th Cir. 1997) (analyzing whether impleaded parties consented to magistrate judge's authority in supplemental proceedings); *see also Brown*

---

[2] The Court is not persuaded that *Chicago Truck Drivers* is sufficiently analogous to the facts of this case to support Plaintiffs' claim. In particular, unlike the Plaintiffs in this action, the judgment creditors in *Chicago Truck Drivers* did not receive any payment in the bankruptcy proceeding. *See Chicago Truck Drivers*, 59 F.3d at 52. Further, although the Court has not found binding case law directly on point, cases from the U.S. Court of Appeals for the Eleventh Circuit at least suggest that Plaintiffs' claims against UC Fab should have been raised in the bankruptcy proceeding. *See In re Van Diepen, P.A.*, 236 F. App'x 498, 503 (11th Cir. 2007) (noting that Chapter 11 bankruptcy trustee had "sole authority to prosecute" section 56.29 fraudulent conveyance claims); *see also In re C.D. Jones & Co.*, 482 B.R. 449, 459 (Bankr. N.D. Fla. 2012) (noting that section 56.29 fraudulent transfer claims that are available to creditors under Florida law when bankruptcy is filed "constitute property of the Estate as of the date of the petition by virtue of 11 U.S.C. § 544 and any recovery of such claims constitutes property of the estate under section 541"). As noted below, this issue should be resolved after impleader of UC Fab. (*Infra* p. 7.)

*v. United States*, 748 F.3d 1045, 1068 (11th Cir. 2014) (noting that magistrate judges "cannot exercise constitutional judicial power"). The Court must "make a de novo determination of those portions" of the Order "to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see Gen. Trading Inc.*, 119 F.3d at 1499–501 (vacating magistrate judge's finding that impleaded party was not the "recipient of a fraudulent transfer" under Florida law).

## DISCUSSION

"Federal Rule of Civil Procedure 69 provides that the procedure for execution of a judgment for the payment of money shall be in accordance with the practice of the state in which the district court considering the enforcement action is located." *Liberty Mut. Ins. Co. v. C-Staff, Inc.*, 280 F.3d 1337, 1339 (11th Cir. 2002). Under Florida law, the requirements to commence proceedings supplementary and to implead third parties are set forth in section 56.29, Florida Statutes. *See Puleo v. Golan*, No. 3D13-1854m, 2014 WL 2756524, at *5 (Fla. 3d DCA June 18, 2014) (holding that creditor had complied with statutory requirements by "returning an unsatisfied writ of execution . . ., providing an affidavit to that effect—and identifying the third persons to be impleaded"); *Patino v. El Rey Del Chivito Corp.*, No. 10-23726-CIV, 2013 WL 6178568, at *1 (S.D. Fla. Nov. 25, 2013) (granting motion for proceedings supplementary where creditors met the statutory requirements of section 56.29(1)). Section 56.29(1) provides that a judgment holder "is entitled" to "proceedings supplementary to execution" if it files an affidavit averring that it "holds an unsatisfied judgment lien," that "the execution is valid and outstanding," and "identifying, if applicable, the issuing court, the case

number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest."

Under Florida law, it is error to deny commencement of proceedings supplementary where the judgment creditor has filed an affidavit that complies with the requirements of section 56.29. *See Okaloosa New Opportunity, LLC v. LD Projects, LLC*, 109 So. 3d 1209, 1213–14 (Fla. 5th DCA 2013) (reversing order denying motion for proceedings supplementary where judgment creditor's attached affidavit satisfied the requirements of section 56.29); *see also Exceltech, Inc. v. Williams*, 597 So. 2d 275, 276 (Fla. 1992) (rejecting argument that "a prima facie showing by testimony under oath" is a prerequisite to the impleader of a third party in a section 56.29 proceeding).[3] Indeed, once the statutory requirements are met, section 56.29 "must be liberally construed so as to afford the judgment creditor with the most complete relief possible." *Sanchez v. Renda Broad. Corp.*, 127 So. 3d 627, 629 (Fla. 5th DCA 2013) (affirming order impleading third party); *see also Puleo*, 2014 WL 2756524, at *5 (quoting *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008) for the proposition that "'proceedings supplementary are equitable in nature and should be liberally construed'").

Here, the declaration of Scott Ernsberger is compliant with the requirements of § 56.29:

---

[3] *See also Estrada v. Sorrento Townhomes, LLC*, 117 So. 3d 1097, 1098 (Fla. 3d DCA 2013) (reversing order prohibiting commencement of proceedings supplementary absent "preliminary evidentiary hearing" by magistrate); *B&I Contractors, Inc. v. Mel Re Constr. Mgmt.*, 66 So. 3d 1035, 1038 (Fla. 2d DCA 2011) (reversing order denying entitlement to proceedings supplementary "in light of the facial sufficiency" of affidavit); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV, 2012 WL 1367574, at *2 (S.D. Fla. Apr. 19, 2012) (holding that judgment creditor who files the necessary affidavit is "entitled" to proceedings supplementary pursuant to Rule 69 and § 56.29); *Gaggio v. Lake Austin Props. I, Ltd.*, No. 6:10-cv-1942-Orl-22KRS, 2011 WL 6987077, at *1 (M.D. Fla. Dec. 21, 2011) (noting that a § 56.29 affidavit "is all that is required to begin proceedings supplementary to execution").

On April 9, 2010, the United States District Court for the Middle District of Florida, in case number 6:09-cv-552-Orl-35KRS, issued a judgment to [P]laintiffs against [United] in the amount of $128,940.25.

The judgment is not satisfied.

The unsatisfied amount of the judgment, including accrued costs and interest and an annual interest rate of .44%, is $128,956.97.

A writ of execution on the judgment is valid and outstanding.

(Doc. 49-1.) Because Plaintiffs have complied with the minimum requirements for initiating proceedings supplementary, the Court finds that Plaintiffs' motion should have been granted. The Magistrate Judge raised a valid concern as to the effect of the bankruptcy proceedings on the viability of Plaintiffs' claim against UC Fab; however, it was raised prematurely. UC Fab will have every opportunity to raise the matter to the Court once it is impleaded.[4]

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Objections to Magistrate Judge's Order of April 14, 2014 [Doc. 53] Denying Motion for Proceedings Supplementary to Implead UC Fab of Florida, LLC and Incorporated Memorandum of Law (Doc. 54) are **SUSTAINED**.

2. Magistrate Judge Karla R. Spaulding's Order Denying Plaintiffs' Amended

---

[4] An impleaded party must be given "an opportunity to raise defenses and protect its interests in a manner wholly consonant with genuine due process" before a "new, final judgment" may be entered against the impleaded party. *See Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1135–36 (11th Cir. 2013); *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson*, 110 So. 3d 6, 11 (Fla. 2d DCA 2012) (noting that an impleaded defendant must receive notice and an opportunity to defend); *see also Meyer v. Faust*, 83 So. 2d 847, 848 (Fla. 1955) (noting that an impleaded party has "full right to be heard"). Indeed, an impleaded party "may seek a jury trial in a supplementary proceeding." *Jackson-Platts*, 727 F.3d at 1136; § 56.18, Florida Statutes.

Motion for Proceedings Supplementary to Implead UC Fab of Florida, LLC [Doc. 43] (Doc. 53) is **REJECTED**.

3.      Plaintiffs' Amended Motion for Proceedings Supplementary to Implead UC Fab of Florida, LLC (Doc. 43) is **GRANTED**.

4.      Proceedings supplementary are hereby commenced in this action pursuant to Federal Rule of Civil Procedure 69 and § 56.29, Florida Statutes.

5.      UC Fab of Florida, LLC is **IMPLEADED** in this action.

6.      Plaintiffs are **DIRECTED** to serve UC Fab of Florida, LLC with copies of this Order and the Amended Motion (Doc. 43) in accordance with the procedures for service of an initial complaint and summons under Federal Rule of Civil Procedure 4(h).

7.      Plaintiffs shall file a notice of service with the Court when UC Fab of Florida, LLC is served with this Order and the Amended Motion (Doc. 43).

8.      The Court will set this matter for a status hearing after Plaintiffs comply with the requirements of this Order.

    **DONE AND ORDERED** in Chambers in Orlando, Florida, on July 16, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record